# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-

**NICOLE TORRES**

Case Number: 6:09-CR-218-ORL-31DAB

USM Number: 27531-018

Charles E. Taylor, Jr.
18 West Pine Street
Orlando, Florida 32801

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment. Accordingly, the court has adjudicated the defendant guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud | September, 2007 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2, 5, 7, 8, 10, 11, and 12 are dismissed pursuant to the plea agreement.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

7/23/2010

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

July 27, 2010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **30 Months**.

The Court recommends to the Bureau of Prisons:

That the defendant be placed in a facility near Albany, New York, if appropriate and available, to be near family.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal once a designation has been made. Upon notification by the United States Marshal, the defendant will have 10 days to surrender. If the 10th day falls on a weekend or holiday, the defendant shall surrender on the following business day.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. The defendant shall provide the probation officer access to any requested financial information.

4. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | No Fine Imposed | $2,029,228.43 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. **Restitution is payable to the Clerk, U.S. District Court, for distribution to the victims.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

The Defendant is hereby ordered to begin payment immediately and continue to make payments to the best of the defendant's ability until this obligation is satisfied. While in custody the defendant is directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon the defendant's release from custody the defendant shall adhere to a payment schedule as determined by the Probation Office.

NICOLE TORRES
6:09-CR-218-ORL-31DAB

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| EMC Mortgage Corporation<br>JP Morgan Chase Bank<br>Chase Home Finance LLC<br>343 Thornall Street, Suite 7<br>Edison, New Jersey 08837 | $1,066,811.11 | $1,066,811.11 | |
| OneWest Bank<br>888 East Walnut Street<br>Pasadena, California 91101 | $89,534.00 | $89, 534.00 | |
| National City Bank, PNC Mortgage<br>PNC Mortgage<br>One Corporate Drive, Suite 360<br>Lake Zurich, Illinois 60047-8945 | $233,272.78 | $233,272.78 | |
| Sovereign Bank<br>601 Penn Street<br>Reading, Pennsylvania 19601 | $114,975.77 | $114,975.77 | |
| U.S. Bank<br>U.S. Bancorp<br>Corporate Headquarters<br>U.S. Bancorp Center<br>800 Nicollet Mall<br>Minneapolis, Minnesota 55402 | $185,192.17 | $185,192.17 | |
| Wells Fargo Bank<br>Sand Canyon Corporation<br>Attn: Michele Hood, Senior Paralegal<br>7595 Irvine Center Drive, Suite 100<br>Irvine, California 92618 | $125,019.33 | $125,019.33 | |
| JP Morgan Chase<br>7610 West Washington Street<br>Indianapolis, Indiana 46231 | $125,591.01 | $125,591.01 | |
| BMW Financial Services<br>P.O. Box 3608<br>Dublin, Ohio 43016 | $88,832.26 | $88,832.26 | |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    The Special Assessment in the amount of $100.00 is due in full and immediately.

    While in the Bureau of Prisons custody, the defendant shall (1) pay at least $25.00 quarterly if she has a non-Unicor job or (2) pay at least 50% of her monthly earnings if she has a Unicor job.  Upon release from custody, the defendant shall begin making payments of $50.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in his ability to pay.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Restitution to be paid joint and several with Daniel Duffy, a co-defendant in the underlying case 6:10-cr-218-Orl-31DAB.

    FORFEITURE:  It is further ordered that the defendant is liable to the United States of America for a Forfeiture Money Judgment in the amount of $2,029,228.43, as pronounced at sentencing.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 4/09) Judgment in a Criminal Case